UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Henry Floyd Gilchrist, ) | C/A No.: 7:11-3129-TMC-KFM |
| Plaintiff, ) | |
| vs. ) | Report and Recommendation |
| South Carolina Highway Patrol; Greenville Casuality Insurance Company Inc; Vitaliy Pipenko; V.Y. Express Inc., aka Vera Vitalyevn Pipenko; State Auto Insurance Companies; Jackie Page; Mary Black Hospital; Allstate Fire and Casuality Insurance Company; Gerod Allison, Allstate Agency, ) | |
| Defendants. ) | |

Plaintiff Henry Floyd Gilchrist ("Plaintiff") files this case *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.[1] Plaintiff alleges Defendants treated him in a discriminatory manner following a number of automobile accidents in which Plaintiff was a driver. As Defendants are not amenable to suit, the complaint is subject to summary dismissal.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

### Background and Discussion

The complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii)[2], as Plaintiff has failed to state a claim for relief under § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266,

---

[2] 28 U.S.C. § 1915(e)(2)(B)(ii) says the court must dismiss a case if it determines the complaint "fails to state a claim on which relief may be granted."

271(1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As a preliminary issue, Defendants Greenville Casualty Insurance Company Inc; Vitaliy Pipenko; V.Y. Express Inc., aka Vera Vitalyevn Pipenko; State Auto Insurance Companies; Jackie Page; Mary Black Hospital; Allstate Fire and Casualty Insurance Company; and Gerod Allison, Allstate Agency are not "person[s] acting under the color of state law."  Plaintiff makes no allegation that these Defendants are any kind of state actor that would be amenable to suit under § 1983.  Instead, Defendant Vera Vitalyevn Pipenko is an individual with whom Plaintiff had a wreck; it is not clear how she is related to another individual Defendant, Vitaliy Pipenko.  Mary Black Hospital is a hospital at which Plaintiff was treated following one of the several wrecks recounted in the complaint.  Defendants Greenville Casualty Insurance Company; State Auto Insurance Companies; Jackie Page; Allstate Fire and Casualty Insurance Company; and Gerod Allison, Allstate Agency all appear to be insurance agencies or agents involved in the claims for Plaintiff's wrecks.

Finally, Defendant South Carolina Highway Patrol, as a state agency, enjoys Eleventh Amendment immunity.  In the case of *Will v. Michigan Department of State Police*, 491 U.S. 58, the Supreme Court analyzed the interplay between § 1983 and the

Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

*Will*, 491 U.S. at 66 (internal citation omitted).

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments and officials are entitled to the Eleventh Amendment immunity. *Will,* 491 U.S. at 70.  *See also Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other states against a state, Eleventh Amendment bars suits against a state filed by its own citizens).  Under *Pennhurst* , a state must expressly consent to suit in a federal district court.  *Pennhurst*, 465 U.S. at 98*.*  The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e)(1976)(statute expressly provides that the state of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the state of South Carolina, and does not consent to suit in a federal court or in a court of another state).

Therefore, none of the Defendants named are amenable to suit under § 1983.

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

s/Kevin F. McDonald<br>United States Magistrate Judge

December 27, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).