IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Henry Floyd Gilchrist, ) | |
| ) | C/A No. 7:11-3129-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| South Carolina Highway Patrol; Greenville ) | |
| Casuality Insurance Company Inc.; Vitaliy ) | |
| Pipenko; V.Y. Express, Inc., aka Vera ) | |
| Vitalyevn Pipenko; State Auto Insurance ) | |
| Companies; Jackie Page; Mary Black ) | |
| Hospital; Allstate Fire and Casuality ) | |
| Insurance Company; Gerod Allison, ) | |
| Allstate Agency, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Henry Floyd Gilchrist ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 alleging that the Defendants treated him in a discriminatory manner following a number of automobile accidents in which Plaintiff was a driver.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On December 27, 2011, Magistrate Kevin F. McDonald issued a Report and Recommendation ("Report") recommending that the Complaint be dismissed without prejudice and without issuance and service of process. (Dkt. # 10). The Magistrate Judge provided Plaintiff a notice advising him of his right to file objections to the Report. (Dkt. # 10 at 6). Plaintiff filed objections to the Magistrate Judge's Report on January 12, 2012. (Dkt. # 13).

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

The Magistrate Judge recommended that the Complaint be dismissed without prejudice and without issuance and service of process as none of the Defendants named are amenable to suit under § 1983.

As noted above, Plaintiff filed objections to the Report which the court has carefully reviewed.  However, the Plaintiff's objections provide no basis for this court to

deviate from the Magistrate Judge's recommended disposition. The objections are non-specific, unrelated to the dispositive portions of the Report or merely restate Plaintiff's claims. Plaintiff fails to specifically argue where the Magistrate Judge erred in his analysis. A party's general, non-specific objection is insufficient to challenge findings by a Magistrate Judge. 28 U.S.C.A. § 636(b)(1). In the absence of specific objections, this court need not explain its reasons for adopting the recommendation.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Plaintiff's objections are without merit. Accordingly, the court adopts the Report and incorporates it herein. It is therefore **ORDERED** that the Complaint is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

                                              s/Timothy M. Cain
                                              United States District Judge

January 27, 2012
Greenville, South Carolina


### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3